**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICHARD IVERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-631-GBW-SRF |
| | ) | |
| JANE/JOHN DOE, SCOTT REYNOLDS, | ) | |
| DR. LENZ, and PATINO PRESS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Richard Iverson, an inmate at James T. Vaughn Correctional Center ("JTVCC"),

filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3)  Plaintiff appears *pro se* and has been

granted leave to proceed *in forma pauperis*. (D.I. 5)  The complaint was screened by the

assigned District Judge, who dismissed certain defendants and allowed claims against others to

proceed. (D.I. 11)  Pending before the court are the following motions: (1) a motion to dismiss

the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6),

filed by defendants Jane / John Doe, Scott Reynolds, Dr. Lenz, and Patino Press ("Defendants"),

(D.I. 26);[1] and (2) Defendants' motion to extend time to respond to Plaintiff's discovery

requests, (D.I. 48).[2]  For the following reasons, I recommend that the court GRANT-IN-PART

the motion to dismiss.  Defendants' motion to extend the time to respond to Plaintiff's discovery

requests until June 17, 2026 is GRANTED.[3]

---

[1] The briefing associated with Defendants' motion to dismiss is found at D.I. 27, D.I. 28, and
D.I. 30.

[2] The answering brief deadline for the motion for extension of time expired on May 29, 2026.
To date, no further briefing has been filed.

[3] Defendants' motion to dismiss is a dispositive motion that requires recommended disposition
under 28 U.S.C. § 636(b)(1)(B).  Defendants' motion for extension of time is non-dispositive and
is therefore addressed under 28 U.S.C. § 636(b)(1)(A).

## I.    BACKGROUND

On May 28, 2024, Plaintiff brought this civil action against current and former employees of non-party VitalCore Health Strategies, LLC ("VitalCore"), the medical services provider for the Delaware Department of Corrections ("DDOC"). (D.I. 3)  The complaint alleges that Plaintiff began experiencing dental pain in January of 2023. (*Id.* at 5)  He submitted several sick calls and was seen about a month later.  Plaintiff was advised to take Tylenol for the pain and to use the sick call process if his symptoms continued. (*Id.*)

Plaintiff's pain did not improve. (*Id.* at 5-6)  He alleges he experienced sharp pain every time he ate, drank, slept, or breathed too deeply.  He was examined by a dentist, Dr. Lenz, in June of 2023. (*Id.* at 6)  Dr. Lenz advised Plaintiff that a tooth extraction would be scheduled. (*Id.*)  Plaintiff continued to submit sick calls, write grievances, and send letters regarding the status of his treatment.  He was informed that the tooth would be removed. (*Id.*)

On December 2, 2023, Plaintiff's tooth was extracted by defendant Patino Press. (*Id.*)  On December 7, 2023, Plaintiff was informed that the wrong tooth had been pulled. (*Id.*)

Plaintiff brings his claims under the Eighth and Fourteenth Amendments, alleging that he suffered cruel and unusual punishment, the unnecessary and wanton infliction of pain and suffering, and deliberate indifference to his serious medical need. (*Id.* at 5)  Plaintiff claims that Dr. Lenz, medical administrator Scott Reynolds, and VitalCore's chief executive officer (identified as "Jane / John Doe" in the pleading), violated their duty to supervise and train employees to ensure the provision of adequate dental care. (*Id.* at 7)

2

## II.    LEGAL STANDARD

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11.  Second, the court determines "whether the facts alleged in the complaint are sufficient to show ... a 'plausible claim for relief.' " *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).' " *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).  Instead, "[t]he complaint must state enough facts to raise a reasonable expectation

3

that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (*per curiam*).

## III. ANALYSIS

I recommend that the court dismiss the claims against Jane / John Doe and medical administrator Scott Reynolds because the complaint does not allege their personal involvement in the alleged wrong under Section 1983. "To state a [Section] 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)); *accord L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016). Because liability in a Section 1983 action is personal in nature, a defendant must have been personally involved in the wrongful conduct. That is, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

"There are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir.

4

2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).  The complaint does not allege that Jane / John Doe or Reynolds participated in Plaintiff's dental care or directed others to violate Plaintiff's rights in the provision of dental care.  The complaint's conclusory allegations also fail to show supervisory liability by Jane / John Doe and Reynolds in the form of an unconstitutional policy, practice, or custom resulting in injury to Plaintiff.  Consequently, I recommend that the court GRANT the motion to dismiss and dismiss without prejudice the claims against Jane / John Doe and Reynolds.

I recommend that the court DENY the motion to dismiss in all other respects.  The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).  To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.  *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A medical need qualifies as "serious" if "it is one that has been diagnosed by a physician as requiring treatment[.]"  *Monmouth County Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987).  Moreover, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment."  *Id.* (quotation and citation omitted).  A prison official is deliberately indifferent if he or she knows of and disregards an excessive risk to inmate health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A determination of whether a defendant's conduct amounts to deliberate indifference "has been described as a classic issue for the fact finder."  *Young v. Kazmerski*, 266 F. App'x 191, 193 (3d Cir. 2008) (internal quotation marks and citations omitted).

Here, Defendants contend that the complaint fails to state a claim for deliberate indifference under the Eighth Amendment because Plaintiff received treatment for his condition. (D.I. 27 at 6-7) According to Defendants, Plaintiff's claims regarding delays in the provision of care and the extraction of the wrong tooth sound in negligence or medical malpractice, and they do not pass muster under the Eighth Amendment. (*Id.*)

At this early stage of the proceedings, the pleaded allegations are sufficient to support the existence of a serious medical need. Dr. Lenz diagnosed Plaintiff with tooth decay and recommended a tooth extraction in June of 2023, and Plaintiff regularly submitted sick calls and grievances describing his pain in unsuccessful attempts to receive further treatment. Under similar circumstances, the Third Circuit denied summary judgment on a deliberate indifference claim. *See Young*, 266 F. App'x at 193 (denying summary judgment where the plaintiff's pain impacted his ability to eat and sleep, a dentist diagnosed the plaintiff as needing treatment, and the recommended treatment did not begin until five months later). The alleged delays in Plaintiff's treatment also support the pleaded allegations that Dr. Lenz and Procino Press manifested a deliberate indifference to Plaintiff's medical needs. *See id.* at 194-95 (explaining that "[w]hether the delay is tolerable depends on the nature of the need and the reason for the delay).

Defendants also move to strike paragraphs 9 and 10 of Plaintiff's complaint because they refer to settlement discussions and they are immaterial to any cause of action. (D.I. 27 at 10-11) Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). I recommend that the court strike paragraphs 9 and 10 of the complaint because they are not relevant to Plaintiff's claims.

6

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court GRANT-IN-PART Defendants motion to dismiss and DISMISS Defendants Scott Reynolds and Jane / John Doe from the case without prejudice.  (D.I. 26)  I recommend that the court DENY the motion to dismiss in all other respects.  I further recommend that the court STRIKE paragraphs 9 and 10 of the complaint pursuant to Rule 12(f).  Defendants' motion for extension of time to respond to Plaintiff's discovery requests is GRANTED.  (D.I. 48)  Defendants shall have until June 17, 2026 to respond to Plaintiff's discovery requests.

The Report and Recommendation on the motion to dismiss is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The Order on the remaining nondispositive motions is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(a) & (b).  The objections and responses to the objections are limited to ten (10) pages each.

The failure of a party to object to legal conclusions in a Report and Recommendation may result in the loss of the right to de novo review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).  The failure of a party to object to rulings made on nondispositive motions may result in the loss of the right to appellate review.  *See United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

7

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Dated: June 10, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE